# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

JACOB ENRIQUEZ,

       Plaintiff,

v.

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT,
POLICE OFFICER BRADLEY JOHNSON, and
POLICE OFFICER THOMAS KRESA,

       Defendants.

Case No. 25-cv-1285
**JURY DEMAND**

## COMPLAINT

NOW COMES Plaintiff, Jacob Enriquez, by his attorneys, AxePoint Law, and hereby alleges his claims against the above-named defendants as follows:

## <u>PARTIES</u>

1. Plaintiff, Jacob Enriquez, at all times material hereto, is a resident of Racine, Wisconsin.

2. Defendant, the City of Milwaukee, at all times relevant, was a municipal corporation, organized and existing under the laws of the State of Wisconsin. The City of Milwaukee's principal office is located at City Hall, 200 East Wells Street, Room 205, Milwaukee, Wisconsin 53202.

3. Defendant, Thomas Kresa, at all times material hereto, was an adult resident of the City of Milwaukee, State of Wisconsin.

1

4. Defendant, Bradley Johnson, at all times material hereto, was an adult resident of the City of Milwaukee, State of Wisconsin.

5. At the time of the incident, Defendants Kresa and Johnson, were employed with the Milwaukee Police Department ("MPD"), employed by Defendant City of Milwaukee.

6. At all times material hereto, the Defendants were acting under color of law, were carrying out their duties as MPD officers, and were acting within the scope of their employment with the City of Milwaukee.

## JURISDICTION AND VENUE

7. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 of the United States Code, Section 1983, Jurisdiction of the Court is conferred by Title 28 of the United States Code, Sections 1331 and 1343(a)(3) and (4). This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. The U.S. District Court for the Eastern District of Wisconsin is the proper federal venue for this action, pursuant to Title 28 of the United States Code, Section 1391 (b), because it is the judicial district where the constitutional rights of Plaintiff were violated.

## FACTUAL BACKGROUND

9. On December 22, 2023, Defendants Johnson and Kresa were on-duty police officers assigned to special assignment – holiday presence at the Target store located at 2950 S Chase Avenue in Milwaukee, Wisconsin.

2

10. At approximately 3:17 PM, a loss prevention associate notified Johnson and Kresa of a suspected shoplifting attempt by a known shoplifter.

11. The loss prevention associate asked Johnson and Kresa to wait outside for further development pursuant to Target shoplifting policies.

12. The loss prevention associate informed Johnson and Kresa that the suspected shoplifter was checking out the items in his cart, but was suspected of stealing the gray jacket he was wearing.

13. While Johnson and Kresa waited outside, Plaintiff, Jacob Enriquez, was approached by a loss prevention employee after checking out and was stopped before he could exit the store.

14. Johnson and Kresa entered the store at the loss prevention employee's direction, and approached Enriquez who was suspected of stealing the gray jacket he was wearing.

15. Enriquez tried to remove the jacket, but with his left arm still in the jacket, Defendant Johnson grabbed hold of Enriquez's left arm and attempted to escort him to the loss prevention office.

16. While holding his cell phone and his own jacket in his right hand, Enriquez attempted to remove his left arm from the jacket, causing Defendant Kresa to grab him and along with Defendant Johnson, shove Enriquez to the ground.

17. Within the frame of a minute, Kresa punched Enriquez in the head not less than 7 times, once with a pepper spray can. Kresa first punched him with a

3

closed fist on the left side of his face. He then followed that punch with a series of five additional closed-fist punches.

18. Defendant Johnson then deployed his taser on Enriquez's back. While subdued from the taser, Defendant Kresa punched Enriquez with a closed fist on the crown of his head with a pepper spray can, and then again on the same spot with his closed fist as Enriquez was writhing on the floor with taser prongs in his back.

19. After Defendants Johnson and Kresa handcuffed him, called out "[b]ro I can't breathe," and Kresa told him to "[s]hut the fuck up."

20. Enriquez was stuck with his face pressed against the store floor until he was dragged to his side, incapable of moving on his own. Only at this time did Johnson and Kresa call for medical attention.

21. Enriquez was evaluated on site and was then transported to Ascension Hospital Franklin Campus for further treatment.

22. Enriquez sustained a three (3) centimeter laceration on his head, and trace swelling on the orbital bone of his left temple as a result of Kresa's brunt force to his head, in addition to the puncture wounds in the middle of his back from the taser prongs. Enriquez received three staples to close the head wound.

## Count I
### Title 42, United States Code, Section 1983
### Excessive Force against Kresa

23. Plaintiff realleges and incorporates herein by reference paragraphs 1-24 of this Complaint.

24. "[T]he Fourth Amendment prohibits the use of excessive force during the execution of a seizure[.]" *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

25. "To establish a claim of excessive force under the Fourth Amendment, plaintiffs must show 1) there was a seizure, and 2) the seizure was objectively unreasonable." *Boone v. City of Milwaukee*, 2011 WL 4472845 (E.D. Wis. 2011) (citing *Campbell v. White*, 916 F.2d 421, 423 (7th Cir. 1990); *Graham v. Connor*, 490 U.S. 386 (1989).

26. "An officer's use of force is unconstitutional if judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Fields v. Zolkowski* , 2018 WL 3717022, (E.D. Wis. 2018)(quoting *Payne v. Pauley*, 337 F.3d 767, 778 (2003)).

27. While Enriquez was detained on the ground by Defendant Johnson, Kresa punched him in the head with a closed fist at least five times.

28. While Enriquez was subdued from being tased, Kresa then punched him and struck him in the head with a pepper spray cannister and then again with his closed fist.

29. Kresa knew, or should have known, that beating a defenseless individual who was already detained was objectively unreasonable.

30. Kresa's force exceeded that necessary to make the arrest.

31. A reasonable officer should have known that striking a defenseless suspect to the head was excessive force.

5

32. A reasonable officer should have known that striking an individual in the head with a closed fist and with a pepper spray can was not a reasonable means to effectuate an arrest.

33. As a direct and proximate result of Kresa's conduct, Enriquez has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, and punitive damages.

<u>**Count II**</u>
**Title 42, United States Code, Section 1983**
**Failure to Intervene, against Defendant Johnson**

34. Plaintiff realleges and incorporates herein by reference paragraphs 1-34 of this Complaint.

35. An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022)(quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)).

36. An officer must know that a citizen's rights are being infringed, and he or she must have a "realistic opportunity" to intervene. *Id.* at 864–65.

37. Kresa used excessive force when he beat Enriquez with his fist, and a pepper spray can while trying to effectuate Enriquez's arrest.

6

38. Johnson witnessed Kresa use excessive force on Enriquez at three separate stages.

39. First, Kresa struck Enriquez on the head with his fist after the initial take down.

40. Second, Kresa struck Enriquez on the head with his closed fist at least five additional times after the initial strike.

41. Third, after Johnson tased Enriquez, Kresa hit Enriquez on his head with a pepper spray can, then again with his fist after he dropped the can.

42. Johnson witnessed each show of force and knew or should have known that each use of force was excessive.

43. Johnson had an opportunity to intervene, and should have intervened to prevent each use of excessive force.

44. Johnson's failure to act caused excessive force to be used against and resulted in Enriquez suffering severe personal injury at the hands of a Milwaukee Police Officer.

45. As a result of Johnson's failure to intervene, Enriquez has been harmed and is entitled to compensatory damages, including but not limited to future and past medical bills, pain and suffering, emotional distress, and punitive damages.

## Count III
## Assault and Battery

46. Plaintiff realleges and incorporates herein by reference paragraphs 1-45 of this Complaint.

7

47. That, upon information and belief, Defendant Kresa intended to inflict bodily contact and to do physical harm to Plaintiff and to put him in fear of imminent physical harm.

48. That Defendant Kresa attempted to do harm to Plaintiff and had the apparent present ability to inflict bodily contact, to do harm to him, and to put him in fear of imminent physical harm.

49. That the Plaintiff was in fear of imminent physical harm as a result of the above-mentioned conduct of Defendant Kresa.

50. That Defendant Kresa used excessive force and caused offensive bodily contact and bodily harm to Plaintiff in an angry, revengeful, rude, or insolent manner, and said Defendants had an awareness that their conduct was practically certain to cause bodily harm to Plaintiff.

51. That Plaintiff did not consent to have bodily contact and harm done to him.

52. That the above-mentioned conduct of Defendant Kresa was a direct and proximate cause of the injuries and damages to the Plaintiff as set forth in this complaint.

53. That the above-mentioned conduct of Defendant Kresa was also unlawful, extreme, malicious, outrageous and/or intentional.

54. That the above-mentioned actions and conduct were done with a purpose to disregard the rights of the Plaintiff, and Defendant Kresa was aware

that their acts were substantially certain to result in and caused the severe personal injuries, damages, and the disregard of the rights of the Plaintiff.

55. That at all relevant times herein Defendant Kresa also acted maliciously, and/or with reckless disregard, and/or with deliberate indifference towards the Plaintiff, or with an intentional disregard of his rights, such as to subject the Defendant to punitive damages.

## Count IV
## Monell Liability

### Failure to Train, Discipline, and Supervise

56. Plaintiff realleges and incorporates herein by reference paragraphs 1 – 55 of this Complaint.

57. At all times material hereto, Johnson and Kresa were acting under the color of state law, employed by MPD and the City of Milwaukee.

58. That the above-mentioned acts of Defendants Johnson and Kresa, including the use of unnecessary and excessive force on Plaintiff, Jacob Enriquez occurred as a direct result of a failure on the part of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department to adequately train, discipline and supervise its police officers and employees.

59. That the above-mentioned inadequate training program constituted an official policy of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department.

9

60. That Defendant Kresa exceeded constitutional limitations on the use of force when attempting to effectuate the arrest of Plaintiff and such actions resulted in a violation Plaintiff's constitutional and civil rights.

61. That effectuating an arrest of a suspect is a usual and reoccurring situation with which the Defendants Johnson and Kresa must deal with on a regular basis.

62. That the failure of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department to adequately train, discipline and supervise its police officer employees demonstrates a deliberate indifference on the part of the Defendant, City of Milwaukee, and its policymakers, as to whether the failure to adequately train, discipline and supervise its police officers employees would result in a violation of the constitutional and civil rights of persons, including the Plaintiff.

63. That the above-mentioned failure to adequately train, discipline and supervise its police officer employees was a direct and proximate cause of a violation of the constitutional and civil rights of the Plaintiff.

64. That the above-mentioned failure to adequately train, discipline and supervise its police officer employees, and the acts and omissions of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, by its policymakers, was a direct and proximate cause of the injuries and damages to the Plaintiff, as set forth in this complaint.

**Policies and Customs of Condoning Excessive Force and Rights Violation**

10

65. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

66. That the acts of Defendants Johnson and Kresa, including the use of unnecessary and excessive force on Plaintiff, was done in accordance with the Defendant, City of Milwaukee, and the City of Milwaukee Police Department's de facto policy, regulation, decision or custom condoning excessive force and/or violating person's constitutional and civil rights when effectuating and executing arrests. That these de facto policies were officially adopted, expressly or implicitly, and promulgated or practiced by the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and as such constitute a de facto governmental custom for the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, even though such custom may not have received written formal approval by the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and even though such de facto policies were inconsistent with or violated other written policies.

67. That this official or de facto policy and/or custom of condoning utilizing excessive force and/or violating persons' constitutional and civil rights permitted, encouraged, tolerated or ratified the actions of Defendants all in malicious or reckless disregard or with deliberate indifference regarding the constitutional and civil rights of Plaintiff.

68. That the above-mentioned official or de facto policy and/or custom of condoning utilizing excessive force and/or violating persons' constitutional and civil

11

rights arose or was allowed to continue as a result of, among other things, the following acts and omissions of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department and its Policymakers: failing to adequately train, supervise and control its police officers; failing to adequately punish and discipline prior instances of similar conduct by its police officers; and allowing a police force atmosphere that promotes cavalier attitudes in conduct, and leading to a belief that police actions will never be scrutinized and/or prosecuted.

69. That the "wide-spread practice" of cavalier attitudes in conduct; encouraging, permitting, and failing to take genuine or adequate measures to prevent repeated instances of excessive force when effectuating an arrest, reflected practices which were so well settled that they virtually constituted official policy.

70. That the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department had actual and/or constructive knowledge of the existence of each and every one of the above-mentioned policies and customs and had a deliberate indifference as to whether said policies and customs would continue.

71. That each and every one of the above-mentioned policies and customs were a direct and proximate cause of a violation of the constitutional and civil rights of Plaintiff.

72. That the above-mentioned policies and customs, as well as the acts and omissions of the policymakers of the Defendant, City of Milwaukee, and the City of

12

Milwaukee Police Department was a direct and proximate cause of the injuries and damages to the Plaintiff as set forth in this complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1.	In favor of the Plaintiff, against the Defendants individually and the City of Milwaukee, as set forth in the preceding paragraphs, jointly and severally, for compensatory damages, including but not limited to, future and past medical bills, pain and suffering, and emotional distress.

2.	In favor of the Plaintiff, against the Defendants individually and the City of Milwaukee, as set forth in the preceding paragraphs, for punitive damages.

3.	 For injunctive and other equitable relief reforming the Defendant, City of Milwaukee's, and the City of Milwaukee Police Department's policies, practices and procedures to prevent like actions and harms in the future.

4.	In favor of the Plaintiff, against the Defendant City of Milwaukee, as set forth in preceding paragraphs, for its liability pursuant to Wis. Stat. § 895.46;

5.	For injunctive and other equitable relief reforming the policies and customs of the City of Milwaukee, to prevent actions and harm in the future; and

6.	For all costs, disbursements, interest, and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, and for such of the relief as the Court deems just and equitable.

## <u>JURY DEMAND</u>

Plaintiff requests a trial by jury on all matters as to which he is entitled by law.

Respectfully submitted, this 26th day of August 2025.

**AxePoint Law**
*Attorneys for Plaintiff*

*Electronically signed by*:
*/s/ O. Emil Ovbiagele*
State Bar No. 1089677
*/s/Samantha H. Baker*
State Bar No. 1101385

826 N. Plankinton Ave, Ste 600
Milwaukee, WI 53203
(414) 585-0588 (office)
(414) 255-3031 (fax)
emil@axepoint.com
samantha@axepoint.com

14