IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JACOB ENRIQUEZ,

Plaintiff,

v.

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT,
POLICE OFFICER BRADLEY JOHNSON, and
POLICE OFFICER THOMAS KRESA,

Case No. 25-cv-1285

Defendants.

---

**JOINT RULE 26(f) DISCOVERY PLAN**

---

Defendants City of Milwaukee, Milwaukee Police Department, Bradley Johnson, and Thomas Kresa, by their attorney, Evan Goyke, City Attorney, represented by Assistant City Attorney Matteo Reginato, and Plaintiff Jacob Enriquez, by his attorneys, AxePoint Law, respectfully submit the following report pursuant to Federal Rule of Civil Procedure 26(f)[1] and the Court's Comprehensive Protocols and Procedures Order:

---

[1] Fed. R. Civ. P. 26(f)(3) requires a discovery plan to state the parties' views and proposals on the following:

> (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;
>
> (B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;
>
> (C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;
>
> (D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;
>
> (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(A) What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a) (1) were made or will be made?**

- Initial Disclosures: Initial disclosures pursuant to Rule 26(a) shall be made by the parties on/before December 31, 2025.

- Plaintiff's Expert Disclosures: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Plaintiff on/before May 29, 2026.

- Defendants' Expert Disclosures: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Defendants on/before August 28, 2026.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues?**

- Discovery may be conducted with regard to the events alleged in the Complaint and in Defendants' Answer according to the standard of permissible discovery set out in Rule 26 and applicable law.

- At this time, the parties are unaware of any changes that need to be made on discovery limitations. If it becomes apparent that changes are necessary, the parties anticipate that an agreement can be reached among them.

**(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

- The parties propose that electronically stored information be produced in .pdf files or, upon request and/or if most appropriate, in native format if feasible. For good cause, the Court may order that particular items of electronically stored information be produced in their native format as used in the usual course of business, or in some other form. In addition, in light of the nature of the claims and defenses in this matter, the parties agree that any video or audio recordings, including but not limited to body-worn camera footage, dash-camera recordings, surveillance footage, and 911/audio dispatch records, shall be produced in their original native digital format to preserve authenticity and usability.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

- The parties do not presently anticipate any issues relating to claims of privilege or protection as trial-preparation material. However, the parties acknowledge that discovery in this matter may involve the production of sensitive information, including but not limited to police personnel records, training materials, and internal City of Milwaukee Police Department documents. The parties therefore anticipate the need for a stipulated confidentiality/protective order under Fed. R. Civ. P. 26(c) to govern the production and use of such information, and will confer to submit a proposed order for the Court's approval.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

- The parties request no changes at this time.

**(F) Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

- <u>Dispositive Motions</u>: The parties request a dispositive motions deadline of <u>October 30, 2026.</u>

- <u>Discovery Cutoff</u>: The parties request a deadline to complete all discovery of <u>September 30, 2026.</u>

- The parties agree that discovery documents and pleadings may be served by electronic means, including email, as set forth in Rule 5(b)(2)(E), and that electronic service shall be complete upon transmission. If a document is served by email, it shall be emailed to all counsel who have formally appeared in the matter.

**JOINT REPORT FOR SCHEDULING CONFERENCE**

**1. Nature of the case.**

- On December 22, 2023, Plaintiff Jacob Enriquez was arrested by City of Milwaukee Police Department Officers Bradley Johnson and Thomas Kresa at the Target store located at 2950 S. Chase Ave. in Milwaukee, Wisconsin after the store's loss prevention associate contacted the officers, notified the officers that Plaintiff was shoplifting, and requested the officers' assistance.

Plaintiff claims excessive force was used during his arrest. Plaintiff alleges the following federal claims: a 42 U.S.C. § 1983 Fourth Amendment excessive force claim against Officer Kresa, a 42 U.S.C. § 1983 failure to intervene claim against Officer Johnson; and a *Monell* claim against the City of Milwaukee for allegedly failing to train, discipline and supervise officers. Plaintiff also alleges Wisconsin state-law assault and battery claims against Officer Kresa.

Defendants submitted an Answer to the Complaint disputing the allegations and raising various affirmative defenses including, but not limited to, that any injuries sustained by Plaintiff were caused by his own acts or omissions, or by the acts or omissions of other individuals. They further submit they are protected under common law and statutory immunities.

**2. The names of any related cases.**

None.

**3. Material factual and legal issues to be resolved.**

- Did Officer Kresa use excessive force in arresting Plaintiff on December 22, 2023, and, if so, can Officer Johnson be held liable for failing to intervene regarding the same?
- Can Officer Kresa be held liable for assault and/or battery under Wisconsin state law based on the circumstances in this case?
- Can the City of Milwaukee be held liable under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978)?
- Are the federal claims barred by qualified immunity?
- Are the state claims barred under Wis. Stat. §893.80?
- What are Plaintiff's recoverable damages?

**4. A description of any amendments to the pleadings that any party intends to make.**

- <u>Amendments to Pleadings</u>: The parties request a deadline of <u>December 31, 2025</u> to amend the pleadings.

**5. The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added.**

- Deadline to Join Parties: The parties request a deadline of November 28, 2025 to add any new parties.

**6. The estimated trial length.**

- The estimated trial length is five (5) days.

**7. Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the Court should take into account in setting the schedule.**

None.

Dated and signed at Milwaukee, Wisconsin this 16th day of October, 2025.

EVAN GOYKE
City Attorney

s/Matteo Reginato
MATTEO REGINATO
Assistant City Attorney
State Bar No: 1089724
*Attorneys for Defendants City of Milwaukee, Milwaukee Police Department, Bradley Johnson, and Thomas Kresa.*

ADDRESS:
200 E. Wells Street, Room 800
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: Mreginato@milwaukee.gov

Dated and signed at Milwaukee, Wisconsin this 16th day of October, 2025.

**AxePoint Law**
Attorneys for Plaintiff

s/ O. Emil Ovbiagele
O. EMIL OVBIAGELE
State Bar No: 1089677
s/Samantha H. Baker

SAMANTHA H. BAKER
State Bar No: 1101386

826 N. Plankinton Ave., Ste. 600
Milwaukee, WI 53203
(414) 585-0588 (office)
(414) 255-3031 (fax)
emil@axepoint.com
samantha@axepoint.com